IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE CARRASCO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | Civil Action No. 4:12-cv-2270 |
| FTS INTERNATIONAL SERVICES, LLC | § | |
| f/k/a FRAC TECH SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO TRANSFER VENUE

Defendant FTS International Services, LLC f/k/a Frac Tech Services, LLC ("Defendant" or "FTS"), files this Motion to Transfer Venue pursuant to 28 U.S.C. §1404 ("Defendant's Motion") and respectfully shows the Court as follows:

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Denise Carrasco ("Plaintiff" or "Carrasco") filed her Original Petition in the 151st Judicial District Court of Harris County, Texas, on April 23, 2012.[1]  In such Petition, Plaintiff alleged violations of the Texas Labor Code and Title VII of the Civil Rights Act of 1964 ("Title VII") based on Plaintiff's national origin, Hispanic.[2]  Defendant timely removed the case to this Court on July 27, 2012,[3] and answered herein on August 3, 2012.[4]  Defendant now moves the Court for a transfer of venue to the Northern District of Texas, Abilene Division, or in the

---

[1]  *See* Plaintiff's Original Petition.
[2]  *See* Plaintiff's Original Petition, ¶5.  In her Original Petition, Plaintiff also refers to "age," but this appears to be a result of incomplete substitutions within a form Petition.  *See* Paragraph 5 (alleging Title VII violations "on account of plaintiff's national origin, Hispanic, over forty" and Texas Labor Code violations "on account of plaintiff's national origin, Hispanic age.")  All later references within her Original Petition refer solely to "national origin, Hispanic."  *See* Paragraphs 5(c), 5(d), and 6.  Should Plaintiff allege a claim for age discrimination, Defendant's analysis in this Motion is unchanged.
[3]  *See* Defendant's Notice of Removal [Doc. 1].
[4]  *See* Defendant's Original Answer [Doc. 4].

**DEFENDANT'S MOTION TO TRANSFER VENUE**                                    **PAGE 1**

alternative, the Northern District of Texas, Fort Worth Division.  As set forth in full below, neither the parties nor the dispute at issue has any relationship to the Southern District of Texas. Defendant moves pursuant to 28 U.S.C. §1404, as a transfer to the Northern District of Texas would serve the convenience of parties and witnesses and further the interest of justice.[5]

## II.   ARGUMENT AND AUTHORITIES

A motion to transfer venue under Section 1404 is governed by two inquiries: first, whether the action "might have been brought" in the transferee district, and second, whether such a transfer would serve "the convenience of parties and witnesses" and further "the interest of justice."[6]   Both inquiries here are met in the affirmative, and Defendant's Motion should be granted.  A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal, absent an abuse of discretion.[7]

### A.  The Transferee Venue Is Proper

As a threshold matter, the desired transferee venue, the Northern District of Texas, is a proper venue for this suit.  This suit could have been originally brought before the U.S. District Court, Northern District of Texas, as it has jurisdiction, Defendant is subject to service therein, and the venue meets the general requirements of 28 U.S.C. § 1391.[8]  As set forth in Defendant's Notice of Removal, this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States, specifically Title VII.[9]  In addition, this Court has jurisdiction over Plaintiff's supplemental state

---

[5]   *See* 28 U.S.C. §1404; *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc), *cert. denied*, 129 S. Ct. 1336 (2009).
[6]   28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d at 312.
[7]   *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999).
[8]   *See* 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d at 312.
[9]   *See* Defendant's Notice of Removal, ¶5; 28 U.S.C. §1331.

law claim under 28 U.S.C. §1367.[10]   As a District Court of the United States, the Northern

District of Texas will also have jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367.

      The Northern District of Texas is also proper with respect to general venue

requirements and personal jurisdiction over Defendant.  FTS maintains its corporate offices in

both Cisco, Eastland County, Texas, and Fort Worth, Tarrant County, Texas.[11]   Both of these

corporate offices are in the Northern District of Texas,[12] and FTS is therefore sufficiently present

within the forum to be amenable to service of process.[13]   For the same reasons, venue is

appropriate in the Northern District of Texas, as FTS resides within such district.[14]   Accordingly,

the Northern District of Texas is a proper venue to which this matter might be transferred.[15]

### B. Transfer Would Serve the Convenience of Parties and Further the Interest of Justice

      Because the proposed transferee venue is proper, the next consideration is

whether such a transfer would serve "the convenience of parties and witnesses" and further "the

interest of justice."[16]  This analysis is conducted by weighing public and private interest factors,

which include the following, non-exclusive considerations:  the private interest factors of "(1) the

relative ease of access to sources of proof; (2) the availability of compulsory process to secure

the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other

practical problems that make trial of a case easy, expeditious and inexpensive" and the public

---

[10]  *See* 28 U.S.C. §1367.
[11]  *See* Exhibit A, Declaration of Lianne Sterkel.
[12]  Eastland County, Texas, is located within the Northern District of Texas, Abilene Division.  *See* Jury Information – Abilene, *available at* http://www.txnd.uscourts.gov/jury/abilene.html.  Tarrant County, Texas, is located within the Northern District of Texas, Fort Worth Division. *See* Jury Information – Fort Worth, *available at* http://www.txnd.uscourts.gov/jury/ftworth.html.
[13]  Fed. R. Civ. P. 4(h).
[14]  28 U.S.C. 1391(b)(1).
[15]  *See* 28 U.S.C. § 1404(a).
[16]  28 U.S.C. § 1404(a).

**DEFENDANT'S MOTION TO TRANSFER VENUE**                                               **PAGE 3**

interest factors of "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] in the application of foreign law."[17]

### 1.   The Location of the Parties and Records Weigh in Favor of Transfer

In general, the convenience of the parties can be demonstrated by the ease of access to sources of proof, such as the physical locations of each party at issue as well as the location of documentary proof.  As previously set forth, Defendant maintains its two corporate offices in the Northern District of Texas:  in Cisco, Eastland County, Texas, and Fort Worth, Tarrant County, Texas.[18]   Defendant's Human Resources Department is located in Cisco, Texas.[19] Accordingly, Defendant resides in the Northern District of Texas for venue purposes.[20] Plaintiff, on the other hand, has identified herself as a resident of Poteet, Texas.[21]  Poteet, located in Atascosa County, Texas, is within the Western District of Texas, San Antonio Division.[22] Neither party resides in the current forum, the Southern District of Texas.  While Plaintiff's counsel appears to be located in Houston, Texas,[23] which is within the Southern District, the Fifth Circuit has held that the convenience of counsel should not be considered in this analysis.[24]

---

[17]   *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert. denied*, 129 S. Ct. 1336 (2009) (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)).

[18]   *See* Exhibit A, Declaration of Lianne Sterkel; Eastland County, Texas, is located within the Northern District of Texas, Abilene Division.   *See* Jury Information – Abilene, *available at* http://www.txnd.uscourts.gov/jury/abilene.html.  Tarrant County, Texas, is located within the Northern District of Texas, Fort Worth Division.   *See* Jury Information – Fort Worth, *available at* http://www.txnd.uscourts.gov/jury/ftworth.html.

[19]   *See* Exhibit A, Declaration of Lianne Sterkel.

[20]   28 U.S.C. 1391(b)(1).

[21]   Plaintiff's Original Petition, ¶2.

[22]   *See* San Antonio Division, *available at* http://www.txwd.uscourts.gov/general/offices/sanantonio.asp.

[23]   *See* Plaintiff's Original Petition, p.5.

[24]   *See In re Horseshoe Entertainment*, 305 F.3d 354, 358 (5th Cir. 2002).

**DEFENDANT'S MOTION TO TRANSFER VENUE**                                                                **PAGE 4**

Considering their respective locations, the convenience of the parties is clearly furthered by a transfer to the Northern District of Texas.

Cisco, Texas, within the Abilene Division of the Northern District of Texas, is also the home of Defendant's Human Resources Department.[25]  As such, Cisco is also the location of employment records and proof relevant to Plaintiff's claim.[26]  This fact is especially important in employment-related disputes, as the Title VII special venue provision incorporates the location of records as a factor to determine proper venue.[27]  For that reason, along with the physical locations of the parties, the convenience of the parties weighs strongly in favor of transfer to the Northern District of Texas.

### 2.   The Location of the Witnesses Weighs in Favor of Transfer

Similarly, the location of potential witnesses weighs in favor of a transfer to the Northern District of Texas, Abilene Division, for both the convenience of the witnesses involved and for the parties' ability to compel witnesses to appear at trial.  During her employment with FTS, Plaintiff worked first as a Time Force Clerk and ultimately as an Office Manager for Defendant's Pleasanton District.[28]   As Office Manager, Plaintiff's job duties included responsibility for gathering and administering all Human Resources documentation within her assigned district, as well as frequent communication with the Human Resources department in Cisco, Texas.[29]   On a day-to-day basis, Plaintiff interacted with, and her Human Resources related work was overseen by, individuals within the Cisco, Texas office.[30]   Indeed, Plaintiff

---

[25]   *See* Exhibit A, Declaration of Lianne Sterkel; *see* Jury Information – Abilene, *available at* http://www.txnd.uscourts.gov/jury/abilene.html.
[26]   *See* Exhibit A, Declaration of Lianne Sterkel.
[27]   *See In Re Horseshoe*, 305 F.3d at 357-58 (citing 42 U.S.C. §2000e-5(f)(3)).
[28]   *See* Exhibit A, Declaration of Lianne Sterkel.
[29]   *See* Exhibit A, Declaration of Lianne Sterkel.
[30]   *See* Exhibit A, Declaration of Lianne Sterkel.

alleges that the termination decision upon which she bases her lawsuit "was made by HR Corporate, Melissa Merrifield, Anglo."[31]   Melissa Merrifield, along with the other Human Resources employees of Defendant who observed Plaintiff's job performance, are employed in Cisco, Texas.[32]   It is significantly more convenient for these potential witnesses to prepare for and attend a trial in the Northern District of Texas, Abilene Division, only 45 miles from Cisco, rather than in the Southern District of Texas, Houston Division, 323 miles from Cisco.[33]

Furthermore, it is extremely unlikely that any potential witness lives within the Southern District of Texas, Houston Division, or can otherwise be compelled to appear in the Southern District of Texas for trial.   Plaintiff was employed by FTS in Pleasanton, Atascosa County, Texas.[34]   Pleasanton is within the Western District of Texas, San Antonio Division,[35] and is approximately 223 miles from Houston.[36]   Although a court may consider a plaintiff's choice of forum in making a venue transfer decision, this factor is less significant "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff."[37]   Here, there is no link whatsoever between the litigation and this forum; neither the convenience of the parties nor the witnesses is furthered by maintenance of this suit in the Southern District of Texas.

---

[31]  *See* Exhibit B, Charge of Discrimination.
[32]  *See* Exhibit A, Declaration of Lianne Sterkel.
[33]  *See In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled.").   Defendant respectfully requests that this Court take judicial notice of the distance between Abilene, Texas, and Cisco, Texas, as compared with the distance between Houston, Texas, and Cisco, Texas.
[34]  *See* Exhibit A, Declaration of Lianne Sterkel.
[35]  *See* San Antonio Division, *available at* http://www.txwd.uscourts.gov/general/offices/sanantonio.asp.
[36]  Defendant respectfully requests that this Court take judicial notice of the distance between Pleasanton, Texas, and Houston, Texas.
[37]  *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

**DEFENDANT'S MOTION TO TRANSFER VENUE**                                             **PAGE 6**

Instead, this litigation, the witnesses, the parties, and the relationship between the parties are all linked to the Northern District of Texas, Abilene Division.  In the course of and in consideration for her employment with FTS, along with other good and valuable consideration, Carrasco and FTS entered into a Confidentiality and Non-Solicitation Agreement ("Agreement") regarding Defendant's confidential and proprietary information and trade secrets.[38]  Therein, Plaintiff consented to the exclusive venue of the state district court of Eastland County, Texas, or the United States District Court for the Northern District of Texas, Abilene Division, with respect to enforcement and interpretation of the Agreement.[39]  Although the Agreement is not at issue in the present matter, it should be noted that Carrasco was aware throughout her employment with Defendant that the Cisco area is the source of relevant documents and witnesses in suits involving FTS.  Indeed, Carrasco participated without objection in a prior Eastland County lawsuit related to her employment with FTS and this Agreement.[40]  This prior lawsuit suggests that Carrasco is fully aware that the Northern District of Texas is both appropriate and the preferred venue for other litigation between the same parties.  As set out in full above, the private interest factors at issue weigh heavily in support of a transfer to the Northern District of Texas, Abilene Division.

### 3. The Public Interest Factors Weigh in Favor of Transfer

With respect to most well-established public interest factors to be considered in a motion to transfer venue, no strong weight appears to be present in either direction.  There is no evidence that any administrative factors, such as exceptional delay specific to any district, will impact the fair adjudication of this matter, and there is no conflict of law issue with respect to

---

[38]  *See* Exhibit A, Declaration of Lianne Sterkel.
[39]  *See* Exhibit A, Declaration of Lianne Sterkel.
[40]  *See* Exhibit A, Declaration of Lianne Sterkel.

this transfer.  It is, however, well-settled that matters should be decided near the location where contested events occurred, as citizens have a greater investment in judicial proceedings involving their own communities.[41]  For this reason, the public interest factors also weigh in support of transfer to the Northern District of Texas.

No discriminatory acts are alleged to have taken place in the Southern District of Texas; instead, Plaintiff contends that the allegedly discriminatory decision to terminate her employment took place in Cisco.[42]  Residents of the Northern District of Texas therefore have significantly more interest in this matter than residents of the Southern District, whose time serving on a jury would be better spent on a matter of local concern.  Indeed, the Fifth Circuit has held that Title VII's special venue provision "clearly indicate[s] that Congress thought employment discrimination controversies should be litigated in judicial districts that had direct and immediate connection with the parties, the events and the evidence bearing on their controversy."[43]  The Southern District of Texas simply has no such connection.

Because so many factors indicate that venue is appropriate in the Northern District of Texas, Abilene Division, the interests of justice and convenience strongly support this matter's transfer there.[44]  In the alternative, the Northern District of Texas, Fort Worth Division, is also a proper venue for the present suit and the location of an FTS corporate office.  Should

---

[41]  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.").

[42]  *See* Exhibit B, Charge of Discrimination.

[43]  *In re Horseshoe Entertainment*, 305 F.3d 354, 359 (5th Cir. 2002).

[44]  *See Casarez v. Burlington Northern/Santa Fe Co.*, 193 F. 3d 334, 339 (5th Cir. 1999) (district court properly transferred venue to Fort Worth where the challenged action occurred in Tarrant County, the majority of the fact witnesses lived closer to Fort Worth than to El Paso, the plaintiff had a home near Fort Worth, and the relevant documents were located in Fort Worth); *see also Mortensen v. Maxwell House Coffee*, 879 F. Supp. 54, 56-57 (E.D. Tex. 1995) (transferring venue and noting that at no time was the plaintiff employed in the forum where the lawsuit was filed); *Akin v. Big Three Industries, Inc.*, 851 F. Supp. 819, 826 (E.D. Tex. 1994) (granting transfer of venue and noting that the only connection to the plaintiff's chosen forum was the location of the lawyers).

**DEFENDANT'S MOTION TO TRANSFER VENUE**                                          **PAGE 8**

Defendant's request to transfer to the Northern District of Texas, Abilene Division, be denied, it respectfully requests that this matter to be transferred to the Northern District of Texas, Fort Worth Division.

### III.    PRAYER FOR RELIEF

Defendant respectfully requests that this Court enter an Order transferring this matter to the Northern District of Texas, Abilene Division, or in the alternative, the Northern District of Texas, Fort Worth Division, as such transfer would serve the convenience of parties and witnesses and further the interest of justice, and for such other and further relief to which it may be granted.

Respectfully submitted,

By:    /s/ Paul E. Hash
          Paul E. Hash
          Attorney-In-Charge
          Texas Bar No. 09198020
          S.D. Tex. Bar No. 12091

          Anastasia L. Villescas
          Texas Bar No. 24070803
          S.D. Tex. Bar No. 1094860

          JACKSON LEWIS LLP
          500 N. Akard, Suite 2500
          Dallas, Texas 75201
          Telephone:  (214) 520-2400
          Facsimile:  (214) 520-2008

          **ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1D, I hereby certify that I have conferred with counsel for Plaintiff regarding Defendant's Motion to Transfer Venue, and Counsel cannot agree about the disposition of the motion.

/s/ Anastasia L. Villescas
ONE OF COUNSEL

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, on January 10, 2013, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Woodrow Epperson
10565 Katy Freeway, Suite 250
Houston, TX 77024

/s/ Paul E. Hash
ONE OF COUNSEL

4816-4263-1953, v. 2

**<u>DEFENDANT'S MOTION TO TRANSFER VENUE</u>**                                    **<u>PAGE 10</u>**